*AT A CIRCUIT COURT, HELD AT WILKESBARRE,
JUNE 1808.

CORAM—YEATES, JUSTICE.

John Coolbaugh and Henry Shoemaker, adminis-
trators *de bonis non cum testamento annexo* of
John Van Campen deceased *against* the Com-
monwealth.

A Pennsylvania claimant cannot maintain a suit against the commonwealth for
compensation for lands, until the commissioners have signed a certificate to the
Connecticut claimant.

THIS was an amicable action entered in the Supreme Court
September term 1803, to recover compensation for certain lands
in Luzerne county, under the 9th section of the act of 6th April
1802.    5 St. Laws 205.

The plaintiffs shewed in evidence a fair exclusive regular title,
vested in their testator, to 591 acres, in Abraham's Plains, now
in Kingston and Exeter townships, founded on two patents issued
to colonel Turbutt Francis, dated respectively on the 24th Feb-
ruary 1774, and 14th June 1774; that the same lie within the
seventeen townships in the county of Luzerne, and are occu-
pied by Connecticut claimants, to whom certificates have been
granted by the commissioners, except as to a very small part
which remains in dispute between two of the settlers.    These
certificates were dated on the 16th and 21st January 1804.    The
estimated value of the different lots or parcels of the land in its
natural state, independent of improvements, was also shewn by
several witnesses.

A motion was hereupon made by Mr. J. Ross for the com-
monwealth, that the plaintiffs should be nonsuit, having no right
of action against the state, until the certificates were given by
the commissioners.

After argument, YEATES, J. declared his opinion, that it ap-
peared to him the suit had been brought prematurely.    The
claims of the Connecticut settlers were to be established by the
express words of the law, before a right of action vested in a
Pennsylvania claimant, neglecting or refusing to release, to in-
stitute a suit against the commonwealth, for a just compensation.
No claim could be said to be established, until the certificate
therefor was signed by the commissioners ; the title of the set-
tler did not attach by any survey made.    It was possible, that
there might be lands within the seventeen townships, to which
no good Connecticut claim could be shewn ; and in such case
*the Pennsylvania claimant was not barred from recover-
ing the land, if he had not released to the state.    But let   [*494
the inconveniences be what they would, the court was bound by
the plain words of the law, and it was a settled principle, that

[Gray's Lessee *v.* M'Creary.]

no sovereign power was amenable to answer suits either in its own courts, or those of a foreign country, unless by its own consent.

It was hereupon agreed by the counsel, that the jury should be discharged and application made to the attorney general to waive the legal point ; and in case of his refusal, the suit to be discontinued.

Mr. Sitgreaves, *pro quer.*